UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Ureche,

    Plaintiff,

v.                                                                                  Case No.  2:06-CV-11017

Home Depot U.S.A., Inc.,                                            Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSAL**

In this action, Plaintiff sued his former employer, Home Depot U.S.A., Inc. ("Home Depot") following his termination.  Plaintiff alleges that Home Depot violated the Elliott-Larsen Civil Rights Act, M.C. L. 37.2101 *et seq*.,  by failing to accommodate his religious beliefs.  The matter is currently before the Court on Home Depot's Motion for Summary Judgment and Dismissal.  The parties have fully briefed the issues and the Court heard oral argument on November 21, 2006.  For the reasons that follow, the Court concludes that Plaintiff's complaint fails as a matter of law because the Elliott-Larsen Civil Rights Act does not include an affirmative duty to reasonably accommodate an employee's religious beliefs.  Defendant's motion shall therefore be **GRANTED**.

**BACKGROUND**

Plaintiff Daniel Ureche ("Plaintiff") filed suit against Defendant Home Depot on or about November 21, 2005, in Genesee County Circuit Court.  Home Depot then removed the action to this Court based on diversity jurisdiction.  Plaintiff's complaint asserts just one claim against

1

Home Depot – a claim under the Elliott-Larsen Civil Rights Act, M.C. L. 37.2101 *et seq*. ("ELCRA"). Plaintiff claims that during his employment with Home Depot he underwent a religious conversion and "[a]ccording to Plaintiff's faith, Plaintiff must not work on his day of Sabbath which is Sunday." (Compl. at ¶ 8). Plaintiff claims that "[n]ot working on Sunday is a sincerely held religious belief of Plaintiff." (*Id.*). Plaintiff claims that Home Depot refused to accommodate his religious belief and continued to schedule him to work on Sundays. Plaintiff claims that he refused to work on Sundays and that he was disciplined and ultimately discharged on or about January 10, 2004, due to his work absences. (Compl. at ¶¶ 12-14).

On August 17, 2006, Home Depot filed this Motion for Summary Judgment and for Dismissal, pursuant to FED. R. CIV. P. 12(b)(6) and 56(c).

## **ANALYSIS**

A.  **Plaintiff's Complaint Fails As A Matter Of Law Because The ELCRA Contains No Affirmative Duty to Accommodate An Employee's Religious Beliefs**.

Home Depot asserts that the ELCRA, unlike Title VII, contains no duty to accommodate an employee's religious beliefs. Rather, it notes that it only provides that an employer shall not "discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion . . ." M.C.L. §37.2202(a). Home Depot therefore asserts that Plaintiff's claim fails as a matter of law and must be dismissed.

Home Depot notes that the issue of whether employers have a duty to accommodate religious beliefs has been addressed by Michigan courts when they looked at whether or not such an obligation existed under the Fair Employment Practices Act ("FEPA"), the ELCRA's predecessor. Home Depot relies on *Michigan Dept. of Civil Rights ex rel. Parks v. General*

*Motors Corp.*, 93 Mich.App. 366 (1980) and asserts that the Court should follow the reasoning in that case. Home Depot also asserts that the Michigan Department of Civil Rights is well known for its liberal interpretation of civil rights laws and construes the ELCRA as not including religious accommodation in employment. It also relies on *Wessling v. Kroger Co.*, 554 F.Supp. 548, 552 (1982), in which a federal district court stated that there is no requirement to accommodate an employee's religious practices under the ELCRA.

In response, Plaintiff asserts that whether or not the ELCRA includes a duty to accommodate is an issue of first impression. Plaintiff does not identify a single case wherein a Michigan or federal court has held that a duty to accommodate an employee's religious practices exists under the act. Plaintiff also does not discuss any of the authorities that Home Depot relies on in making its argument that there is no duty to accommodate under the ELCRA. Rather, Plaintiff simply asserts that the ELCRA is remedial in nature and should be construed broadly.

For the reasons that follow, the Court agrees that the ELCRA contains no affirmative duty to accommodate an employee's religious beliefs.

In *Parks*, the court was called upon to determine whether the FEPA, the ELCRA's predecessor which prohibited an employer "to discriminate against" any employee because of religion, also imposes a duty to make reasonable accommodation to the religious needs of employees. It found that no such duty existed under the FEPA.

Following the lead of the federal government with respect to Title VII, in 1972 the Michigan Civil Rights Commission promulgated "interpretive guidelines" construing the FEPA as imposing a duty on the part of the employer to make reasonable accommodations to the religious needs of employees. The court noted that such interpretive guidelines had no legal

3

effect and that it was therefore necessary for the court "to determine whether that section, by its terms, i.e., the prohibition of religious discrimination, mandates that an employer make affirmative accommodations for the religious needs of its employees."

The court explained that when the Equal Employment Opportunity Commission ("EEOC") attempted to enforce its guidelines against employers charged with failing to accommodate the religious needs of their employees, those guidelines were challenged in *Dewey v. Reynolds Metals Co.*, 429 F.2d 324 (6th Cir. 1970). In *Dewey*, the Sixth Circuit held that religious discrimination could not be equated with a duty to accommodate, explaining:

> Nowhere in the legislative history of the Act do we find any Congressional intent to coerce or compel one person to accede to or accommodate the religious beliefs of another. The requirement of accommodation to religious beliefs is contained only in the EEOC Regulations, which in our judgment are not consistent with the Act.

*Dewey,* 429 F.2d at 334.

"In direct response to the *Dewey* decision, Congress amended Title VII of the Equal Employment Opportunity Act of 1972 (701j) to include the requirement of reasonable accommodation: 'The term religion includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business.'" *Parks*, 93 Mich. App. at 245. (quoting 42 U.S.C. §200e(j)). Following that enactment, federal courts concluded that the congressional affirmation of the EEOC guidelines validated them. *Id.*

The *Parks* court, however, determined that it could not conclude that the FEPA included

a duty to accommodate for several reasons.  First, the court noted that unlike Title VII, it was not presented with " a situation in which the legislative body subsequently enacted legislation expanding the prohibition against religious discrimination to include a duty to make reasonable accommodations.  Unlike Congress, the Michigan Legislature remained silent following the 1970 decision in Dewey" and the Supreme Court's affirmance of that decision.  *Parks,* 93 Mich. App. at 378.  "Therefore, in the absence of any clear legislative interpretation that the term 'discrimination' in the FEPA included a duty to make reasonable accommodations, we rule that such a construction goes beyond the legislative mandate" of the FEPA.  "Second, not only did the Legislature fail to enact positive legislation addressing the issue of religious accommodation but, on three occasions, when it had the opportunity to so amend the statute, it chose not to." *Id.* at 378-379.  Finally, the court noted that a "third reason we cannot by judicial ruling write into the FEPA a duty to accommodate is the long-standing reluctance of this Court and the Sixth Circuit Court of Appeals to find affirmative duties in a general ban on discrimination." *Id*. (Citing *Dewey*, *supra).*

Although the ELCRA was in effect at the time of the *Parks* decision, the court declined to extend its holding to the ELCRA.  The court noted that because the interpretive guidelines had been in effect for more than four years when the ELCRA was enacted, a stronger case existed for arguing that the legislature acquiesced to the interpretive guideline.  The court further noted, however, that "strong arguments can be advanced for a contrary interpretation."  *Id*. at 382.  Such arguments include that:

> While the Legislature expressly required accommodation by employers when it enacted the Handicappers' Civil Rights Act, 1976 P.A. 220, effective March 31,

> 1977, M.C.L. §37.1101 *et seq*.; M.S.A. §3.550(101) *et seq*., it failed to include an accommodation provision when it enacted the Elliot-Larsen act in January, 1977. Since both acts carried the same effective date, and the one contained an express provision and the other did not, it can be argued that the Legislature intentionally declined to write into the statute the obligation to accommodate.

*Id*. at 382 n.8.

Based on the reasoning in *Parks* and *Dewey,* the Court does not believe that the ELCRA can be construed as imposing a duty to accommodate. Like the language of the FEPA, the ELCRA contains no terms requiring such a duty, but rather just contains a general ban on discrimination based on religion. Religious discrimination cannot be equated with a duty to accommodate. *Dewey*, 429 F.2d at 334. Thus, the "long-standing reluctance of [Michigan courts] and the Sixth Circuit Court of Appeals to find affirmative duties in a general ban on discrimination" weighs heavily in favor of finding no duty to accommodate under the ELCRA.

Moreover, like *Parks*, this is not a situation in which the legislative body subsequently enacted legislation expanding the prohibition against religious discrimination to include a duty to make reasonable accommodations. Unlike Title VII, the ELCRA was not amended following *Dewey* to include a duty to make reasonable accommodations.

In addition, as noted in *Parks,* the Michigan Legislature included a duty to accommodate in another act with the same effective date as the ELCRA. Thus, the legislature could have included such a duty in the ELCRA but declined to do so. "Courts cannot assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute, and then, on the basis of that assumption, apply what is not there." *Farrington v. Total Petroleum, Inc*., 442 Mich. 201, 210 (1993); *see also AFSCME v. Detroit*, 267 Mich. App. 255 at 269 (2005)("The Legislature is presumed to be aware of existing law; therefore, we do not

6

assume that the Legislature inadvertently omitted from one statute the language that it placed in another statute.").

Accordingly, the Court concludes, like the Michigan Department of Civil Rights (*see* Ex. 28 to Def.'s Brief) and the only other court that appears to have addressed the issue (*Wessling v. Kroger Co.*, 554 F.Supp. 548, 552 (E.D. Mich. 1982)), that the ELCRA does not include an affirmative duty to accommodate an employee's religious beliefs.

Because Plaintiff's only claim in this action is his claim that Home Depot violated the ELCRA by failing to accommodate his religious beliefs, Plaintiff's complaint fails as a matter of law and must be dismissed.[1]

B.  Plaintiff's Complaint Does Not Assert A Disparate Impact Claim And Any Attempt To Amend The Complaint To Include Such A Claim Would Be Futile.

In Plaintiff's Response Brief, Plaintiff asserts, for the first time in this litigation, that he has asserted a religious discrimination disparate treatment claim in his complaint. Examination of Plaintiff's complaint, however, shows that Plaintiff alleges only that Home Depot violated the ELCRA by failing to accommodate Plaintiff's religious beliefs. The complaint contains no allegations whatsoever that would put Defendant on notice of any kind of disparate treatment claim.

Apparently recognizing that he failed to plead a disparate impact claim, in a footnote on page 12 of his Response Brief, Plaintiff seeks leave to amend his complaint to assert such a claim. Plaintiff claims that he was treated differently than other employees because he was

---

[1] The Court notes that Home Depot alternatively asserts that even if the ELCRA contained a duty to accommodate, it would still be entitled to summary judgment because Plaintiff cannot establish a prima facie case. Given the Court's conclusion that the ELCRA does not include a duty to accommodate, the Court need not address those alternative grounds for relief.

required to attend store meetings without exception while other employees were allowed to miss meetings.

In response, Home Depot asserts that any amendment to include a disparate treatment claim would be futile. The Court agrees.

Home Depot has presented evidence to establish that all employees, including Plaintiff, were allowed to use personal/sick/vacation time in order to avoid having to attend a monthly store meeting. Plaintiff has not identified a single employee who was allowed to miss a monthly store meeting without using his or her personal/sick/vacation time. Nor has Plaintiff submitted any evidence to establish such disparate treatment.

Accordingly, the Court concludes that Plaintiff's request to amend his complaint is futile.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Summary Judgment and Dismissal is **GRANTED** and Plaintiff's Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  December 26, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 26, 2006, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

8